**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ESTEBAN RAYMUNDO LOPEZ,**<br><br>*Petitioner*,<br>v.<br><br>**ERIKA ESTRADA; TODD BLANCHE,** *in his official capacity as* U.S. Attorney General; **DAVID J. VENTURELLA,** *in his official capacity as* Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; **U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY;** *and* **MARKWAYNE MULLIN,** *in his official capacity as* Secretary of the U.S. Department of Homeland Security,<br><br>***Respondents.*** | § § § § § § § § § § § § § § § § § § | **EP-26-CV-01873-DCG** |

**ORDER TO FILE SUPPORTING DOCUMENTATION**

Respondents' attorney reports "[u]pon knowledge and information" that "ICE has released Petitioner" Esteban Raymundo Lopez so he could voluntarily depart the United States.[1] If that's true, then the above-captioned case is probably moot.[2]

While the Court has no reason to doubt counsel's representation that the government has released Petitioner, the Court would prefer to review documentation confirming Petitioner's release before dismissing this case once and for all. Although Respondents filed an exhibit

---

[1] Resp'ts' Advisory, ECF No. 13, at 1.

[2] *See, e.g.*, *Maci v. Hable*, No. 1:19-cv-201, 2020 WL 4480869, at *3 (S.D. Tex. July 9, 2020) ("[The petitioner] filed a claim for habeas corpus, seeking immediate release from custody. [The petitioner] has since been removed from the United States. [The petitioner]'s removal from the United States mooted any habeas claim to relief." (citations omitted)), *report and recommendation accepted by* 2020 WL 4464712 (S.D. Tex. Aug. 4, 2020).

confirming that an Immigration Judge ordered voluntary departure and that Petitioner signed a form agreeing to depart, the exhibit does not confirm that Petitioner was in fact released.[3]

Thus, by **October 29, 2026**, Respondents **SHALL FILE** additional documentation from which the Court may reliably determine whether the government released Petitioner from custody.[4]

Although the Court doesn't anticipate that this Order will reach Petitioner, the Clerk of Court **SHALL MAIL** this Order to both of Petitioner's last known addresses out of an abundance of caution:

Esteban Raymundo Lopez
El Paso Service Processing Center
8915 Montana Avenue
El Paso, TX 79925

Esteban Raymundo Lopez
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**So ORDERED and SIGNED this 15th day of October 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

[3] *See* Voluntary Departure Ex., ECF No. 13-1, at 1–4.

[4] Examples of evidence Respondents could file include (but are not limited to) an agency record memorializing Petitioner's release or a detention officer's sworn declaration that Petitioner is no longer in custody.